JIA DAN CHEN; Min Lu, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–74523.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 22, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Jia Dan Chen and his wife, natives and citizens of China, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immi-gration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA has conducted a de novo review, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted. *See Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998). We review the BIA's credibility and factual findings for substantial evidence. *Id.* We grant in part and deny in part the petition for review, and remand for further proceedings consistent with this disposition.

■ With respect to Chen's claim based on his participation in the 1989 pro-democracy movement, substantial evidence does not support the BIA's adverse credibility finding determination. *See id.* at 1015. The BIA's finding regarding one perceived inconsistency as to the date on which Chen became involved in the 1989 pro-democracy movement is not supported because the BIA did not address Chen's explanation. *See id.* at 1013. In addition, the BIA's adverse credibility finding based on an inconsistency as to the date on which Chen's employment ended as a result of his participation in the movement is not supported because Chen was not asked to explain this inconsistency. *See Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999). Moreover, because this is a date discrepancy that reveals nothing about Chen's fear for his safety, it does not form the basis of an adverse credibility finding. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000). Because substantial evidence does not support the BIA's adverse credibility finding, we grant the petition for review and remand to the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

BIA to consider Chen's eligibility for asylum and withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■ With respect to Chen's Cultural Revolution claim, substantial evidence supports the BIA's finding that Chen did not establish a well-founded fear of future persecution based on his family's experiences during the Cultural Revolution alone. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). According to the State Department Report considered by the BIA, the Cultural Revolution was officially repudiated and there is no evidence that families who suffered under the Cultural Revolution are subject to harm or persecution. Because substantial evidence supports the lack of well-founded fear of future persecution, Chen's withholding of removal claim is necessarily foreclosed. *See id.*

■ We also conclude that substantial evidence supports the BIA's denial of CAT relief based on the finding that, even if Chen's testimony were credible with regard to his involvement in the pro-democracy movement, he failed to establish it is more likely than not that he will be tortured upon return to China for any reason. Accordingly, we deny the petition with respect to Chen's CAT claim. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir.2006).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.